UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK SWEETING,<br>    Plaintiff, | Case No. 1:20-cv-251 |
| vs | Black, J.<br>Litkovitz, M.J. |
| WARDEN RICHARD ERDOS,<br>    Defendant. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Southern Ohio Correctional Facility, initiated this action by filing a motion for production of documents.  (Doc. 1).   Plaintiff's initial filing included a request to produce documents, a declaration, and interrogatories.  Because no complaint, filing fee, motion for leave to proceed *in forma pauperis*, summons forms, or service copies were submitted with plaintiff's filing, the undersigned issued a Deficiency Order on April 2, 2020. (Doc. 2).  Plaintiff was ordered to pay the full filing fee or submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) within thirty (30) days.   Plaintiff was further ordered to submit a complaint form with a service copy of the complaint, a summons form, and a United States Marshal form for each named defendant also within thirty (30) days of the date of this Order.

To date, more than thirty days after the Court's April 2, 2020 Order, plaintiff has failed to comply with the Court's Order.[1]   Plaintiff has submitted the certificate and signature pages of an *in forma pauperis* application packet (*see* Doc. 7), but has failed to provide a complaint, service copies, and service forms as ordered.

---

[1] Plaintiff has filed several motions which are not responsive to the Deficiency Order.  (Doc. 3, 4, 5, 6, 8). Plaintiff's motion to amend (Doc. 8) appears to have been incorrectly captioned with this case number, as the motion appears to be intended for Case No. 1:20-cv-290 and has also been docketed in that case.  *See Sweeting v. Warden*, Case No. 1:20-cv-290 (Dlott, J.; Litkovitz, M.J.) (April 13, 2020) (Doc. 6, 7).

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's April 2, 2020 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for lack of prosecution.

**IT IS SO RECOMMENDED.**

Date: 5/15/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DERRICK SWEETING,  
    Plaintiff,

vs

WARDEN RICHARD ERDOS,  
    Defendant.

Case No. 1:20-cv-251

Black, J.  
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).