UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,  
    Plaintiff,

vs

WARDEN RICHARD ERDOS,  
    Defendant.

Case No. 1:20-cv-251

Black, J.  
Litkovitz, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), initiated this action by filing a motion for production of documents. (Doc. 1). Plaintiff's filing included a request to produce documents, a declaration, and interrogatories. Because no complaint, filing fee, motion for leave to proceed *in forma pauperis*, summons forms, or service copies were submitted with plaintiff's filing, the undersigned issued a Deficiency Order. (Doc. 2). Plaintiff was ordered to pay the full filing fee or submit to the Court an *in forma pauperis* application and certified copy of plaintiff's prison trust fund account statement (or institutional equivalent) within thirty days. Plaintiff was further ordered to submit a complaint form with a service copy of the complaint, a summons form, and a United States Marshal form for each named defendant within thirty days. Plaintiff has now complied with the Deficiency Order. Accordingly, the Court's May 18, 2020 Report and Recommendation to dismiss the action for want of prosecution (Doc. 9) is hereby **WITHDRAWN**. The Court has entered a separate Order granting plaintiff permission to proceed *in forma pauperis* in this action.

This matter is now before the Court for a s*ua sponte* review of the complaint (Doc. 15) to determine whether the complaint or any portion of it should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28

U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**I.    Screening of Complaint**

    **A.    Legal Standard**

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent

2

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

**B.     Plaintiff's Complaint**

Plaintiff names SOCF Warden Ronald Erdos[1] as the sole defendant in this action.

---

[1] The complaint inadvertently misstates the defendant's name as Richard Erdos.

Plaintiff's claims, however, arise out of alleged events involving plaintiff and SOCF Officer Welch Wes.

Plaintiff alleges that Officer Wes wrote plaintiff up on a disciplinary ticket on August 23, 2019. Plaintiff alleges that a video shows Wes spraying mace into plaintiff's cell and that a use-of-force investigation conducted by Warden Erdos failed to yield any evidence of wrongdoing by plaintiff. Plaintiff further alleges that despite the absence of evidence, Warden Erdos continued plaintiff's placement in ERH [Extended Restrictive Housing] for twelve months and refused to discipline or retrain Wes. Plaintiff asserts that as a result he was caused to serve "a longer sentence" and was unable "to visit the law library, get food or clothes boxes or JP5players." (Doc. 15, at PageID 85).

Plaintiff further alleges that his legal transcripts, legal work, and state clothes have been damaged by mold. (Doc. 15, at PageID 86).

For relief, plaintiff seeks monetary damages. (Doc. 15, at PageID 88).

**C.     Analysis**

Based on the above allegations, plaintiff brings claims against Warden Erdos under the Eighth and Fourteenth Amendments and for negligence. (Doc. 15, at PageID 85). For the reasons below, the complaint is subject to dismissal.

As an initial matter, plaintiff's claims against Warden Erdos in an official capacity must be dismissed to the extent that plaintiff seeks monetary damages. Absent an express waiver, a state is immune from damage suits under the Eleventh Amendment. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 144 (1993); *Edelman v. Jordan*, 415 U.S. 651, 673 (1974). The State of Ohio has not constitutionally nor statutorily waived its Eleventh

4

Amendment immunity in the federal courts.  *See Johns v. Supreme Court of Ohio*, 753 F.2d 524, 527 (6th Cir. 1985); *State of Ohio v. Madeline Marie Nursing Homes*, 694 F.2d 449, 460-62 (6th Cir. 1982).  The Eleventh Amendment bar extends to actions where the state is not a named party, but where the action is essentially one for the recovery of money from the state. *Edelman*, 415 U.S. at 663; *Ford Motor Company v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). A suit against defendants in their official capacities would, in reality, be a way of pleading the action against the entity of which defendants are agents.  *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978).  Thus, actions against state officials in their official capacities are included in this bar.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  *See also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (citation and ellipsis omitted)).  Therefore, Warden Erdos is immune from suit in his official capacity to the extent that plaintiff seeks monetary damages.

Next, plaintiff's claim that Warden Erdos violated plaintiff's Fourteenth Amendment right to due process is subject to dismissal.  Plaintiff alleges that Warden Erdos denied plaintiff due process by not overturning his disciplinary conviction, which plaintiff asserts was false and unsupported by evidence, and continuing his placement in ERH for twelve months, resulting in plaintiff "serving a longer sentence" and not being able to "visit the law library, get food or clothes boxes or JP5 players."  (Doc. 15, at PageID 85).

As a preliminary matter, erroneous or even fabricated allegations of misconduct by an inmate, standing alone, do not constitute a deprivation of a constitutional right.  *See, e.g., Reeves*

5

*v. Mohr,* No. 4:11cv2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) (holding that the prisoner failed to state a claim upon which relief may be granted to the extent that he claimed he had "a constitutional right to be free from false accusations"); *see also Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) ("[A] prisoner has no constitutional right to be free from false accusations of misconduct.").

Although a constitutional violation may occur if, as a result of an accusation, the plaintiff was deprived of a constitutionally protected liberty interest, *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995), courts in this district have found that assignment to ERH does not implicate a due process liberty interest.  *See Cook v. Davis*, No. 1:19-CV-624, 2019 WL 4564741, at *4 (S.D. Ohio Sept. 20, 2019) (Report & Recommendation) (finding the plaintiff's retention in ERH for twelve months did not implicate the Due Process Clause), *adopted*, 2020 WL 3057845 (S. D. Ohio June 9, 2020); *Wheeler v. Pickaway Corr. Inst.*, No. 2:19-CV-3512, 2019 WL 4744781, at *4 (S.D. Ohio Sept. 30, 2019); *Hairston v. Smith*, No. 2:18-CV-826, 2018 WL 4599905, at *4 (S.D. Ohio Sept. 25, 2018) (Report & Recommendation), *adopted*, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018).   Thus, plaintiff's placement in ERH does not support a claim for the denial of a constitutional right.

Nor do plaintiff's conclusory allegations regarding his access to "food or clothes boxes or JP5 players."   (Doc. 15, at PageID 85).   Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983.   *See Iqbal,* 556 U.S. at 678–69; *Twombly,* 550 U.S. at 555.   Given their conclusory nature, these allegations also fail to state a claim under the Eighth Amendment.   *See id*.

6

Notably, plaintiff does allege that his disciplinary conviction resulted in his receiving a "longer sentence." (Doc. 15, at PageID 85). It is unclear from the complaint, however, whether plaintiff is complaining about serving a longer ERH sentence or whether he claims that his prison sentence was extended as a result of his disciplinary conviction. As set forth, above, the continuation of plaintiff's stay in ERH for twelve months is insufficient to support a due process claim. *See, e.g., Cook*, 2019 WL 4564741, at *4. However, even assuming, *arguendo*, that plaintiff alleges that his disciplinary conviction had the effect of lengthening his stay in prison, such a claim is still subject to dismissal. A liberty interest may be created on behalf of an inmate where the state's action "will inevitably affect the duration of his sentence." *Sandin*, 515 U.S. at 487. Nevertheless, "[w]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey,* 512 U.S. 477, 487 (1994). The Supreme Court has applied *Heck* to prison disciplinary convictions that affect the fact or duration of a prisoner's underlying sentence. *See Muhammad v. Close,* 540 U.S. 749, 751-52 (2004) (per curiam). *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Because plaintiff has given no indication that the challenged disciplinary conviction was overturned prior to filing the instant action, a claim that he has been subjected to wrongful disciplinary action that lengthened his sentence is subject to the *Heck* bar.

Further, although prisoners have a First and Fourteenth Amendment right of access to the courts, *see Lewis v. Casey*, 518 U.S. 343, 351–54 (1996), plaintiff must allege more than that he is being denied access to the law library to state a constitutional claim. To state a claim that a

7

state actor has violated that right, a plaintiff must allege an "actual injury" and official conduct that is more than mere negligence. *See Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005); *Gibbs v. Hopkins*, 10 F.3d 373, 379 (6th Cir. 1993). "Actual injury" can be demonstrated by "the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). In addition, the underlying action cannot be frivolous. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999) ("By explicitly requiring that plaintiffs show actual prejudice to non-frivolous claims, *Lewis* did in fact change the 'actual injury' requirement as it had previously been applied in this circuit."). Thus, "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353, n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416. Accordingly, in drafting a complaint, a plaintiff must: (1) clearly state the underlying claim; and (2) include supporting facts that describe "official acts frustrating the litigation" to show actual injury. *Id.* at 415. As plaintiff does not identify any underlying claim that was frustrated by his inability to access the law library, this claim is subject to dismissal.

Plaintiff also seeks to hold Warden Erdos liable for negligence and for failing to discipline and train Officer Wes. Mere negligence is insufficient to state a claim of constitutional dimension under § 1983. *See, e.g., Warren v. Doe,* 28 F. App'x 463, 464 (6th Cir. 2002) (citing *Ritchie v. Wickstrom*, 938 F.2d 689, 692 (6th Cir. 1991)). Moreover, plaintiff has not alleged any facts suggesting that Warden Erdos directly participated in or encouraged the

8

underlying use-of-force incident. "A supervisory official's failure to supervise, control or train the offending individual is not actionable unless the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016). Plaintiff may not hold Warden Erdos liable because he holds a supervisory position. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). Accordingly, plaintiff's negligence, failure-to-discipline, and failure-to-train claims are subject to dismissal.

Finally, to the extent that plaintiff seeks relief with respect to the destruction of his property, his allegations are insufficient to state an actionable § 1983 claim. In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). *See also Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543-44 (1981), *rev'd on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson Cty. Pub. Sch. Sys.*, 360 F.3d 583, 587-88 (6th Cir. 2004). Accordingly, in order to state a procedural due process claim under § 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong." *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066). A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations." *Jefferson*, 360 F.3d at 588. Plaintiff has failed to sufficiently plead that the post-

deprivation tort remedies available to him under Ohio law are inadequate to adjudicate his property-loss claim. *See Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999) (citing *Hudson*, 468 U.S. at 534-36) ("State tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses.").

Accordingly, in sum, to the extent the success of plaintiff's Fourteenth Amendment due process claim could affect his release date, that claim should be **DISMISSED** as *Heck*-barred **WITHOUT PREJUDICE** to refiling should plaintiff show that his disciplinary conviction has been overturned. *See Muhammad,* 540 U.S. at 751-52. To the extent plaintiff's Fourteenth Amendment due process claim is not *Heck*-barred, it is **RECOMMENDED** that the claim, along with plaintiff's other federal claims, be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because plaintiff has failed to state a claim upon which relief may be granted.

To the extent plaintiff claims the actions of Warden Erdos violate the state law of Ohio, the Court should **DECLINE TO EXERCISE PENDENT JURISDICTION** over such claims because plaintiff fails to state a viable federal law claim. *See* 28 U.S.C. § 1367(c)(3). Thus, plaintiff's state law claims should be dismissed without prejudice for lack of jurisdiction.

## IT IS THEREFORE ORDERED THAT:

In light of plaintiff's compliance with the Court's Deficiency Order (Doc. 2), the Court's May 18, 2020 Report and Recommendation to dismiss the action for want of prosecution (Doc. 9) is hereby **WITHDRAWN**.

## IT IS THEREFORE RECOMMENDED THAT:

1. To the extent the success of plaintiff's Fourteenth Amendment due process claim could affect his release date from prison, that claim be **DISMISSED** as *Heck*-barred **WITHOUT**

10

**PREJUDICE** to refiling should plaintiff show that his disciplinary conviction has been overturned. *See Muhammad,* 540 U.S. at 751-52.

    2. To the extent plaintiff's Fourteenth Amendment due process claim is not *Heck-*barred, that claim, as well as plaintiff's other federal claims, be **DISMISSED** pursuant to §§ 1915(e)(2)(B) and 1915A(b)(1).

    3. To the extent plaintiff claims the actions of Warden Erdos violate the state law of Ohio, the Court **DECLINE TO EXERCISE PENDENT JURISDICTION** over such claims because plaintiff fails to state a viable federal law claim. *See* 28 U.S.C. § 1367(c)(3).

    4. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Date: 10/8/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,
    Plaintiff,

vs

WARDEN RICHARD ERDOS,
    Defendant.

Case No. 1:20-cv-251

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).