# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

DERRICK SWEETING,                      Case No. 1:20-cv-251
    Plaintiff,                                   Black, J.
                                                       Litkovitz, M.J.
    vs.

WARDEN RICHARD ERDOS,            **REPORT AND**
    Defendant.                                 **RECOMMENDATION**

       On October 8, 2020, the undersigned issued a report and recommendation recommending dismissal of plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (Doc. 20). On October 28, 2020, the District Court adopted the report and recommendation and the Clerk entered judgment consistent therewith. (Docs. 21, 22).

       Meanwhile, on October 15, 2020, plaintiff mailed what the Court construes to be a motion to extend by sixty days the deadline to object to the report and recommendation, but it was not received for filing at the Court until October 28, 2020. (Doc. 23). Under the "prison mailbox" rule set out in *Houston v. Lack*, 487 U.S. 266, 276 (1988), it was deemed filed on the date it was postmarked. Accordingly, plaintiff filed his motion to extend the deadline to object to the report and recommendation within the fourteen-day period prescribed by Fed. R. Civ. P. 72(b).

       Given the foregoing, the Court recommends that plaintiff's filing also be liberally construed as motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. *Cf. Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se pleadings are "held to less stringent standards than formal pleadings drafted by lawyers"). Rule 60(b) provides, in relevant part, for relief from a judgment "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have

been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Hopper v. Euclid Manor Nursing Home*, 867 F.2d 291, 294 (6th Cir. 1989). *See also Fuller v. Quire*, 916 F.2d 358, 360 (6th Cir. 1990).

The Court finds that relief is warranted under the sixth reason. By no fault of plaintiff's, the District Court's October 28, 2020 order precluded consideration of his timely motion to extend the deadline to object to the October 8, 2020 report and recommendation. Given this exceptional situation, the Court finds that relief should be granted under Rule 60(b)(6).

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's filing (Doc. 23) be construed as a motion for relief from judgment under Rule 60(b)(6) and **GRANTED**;

2. The Court **VACATE** its decision and entry adopting the report and recommendation (Doc. 21) and direct the Clerk to vacate its corresponding judgment (Doc. 22);

3. Plaintiff's filing (Doc. 23) also be construed as a motion to extend by sixty days the deadline to object to the report and recommendation and **GRANTED**.

**IT IS SO RECOMMENDED.**

Date: 11/20/2020

Karen L. Litkovitz
United States Magistrate Judge

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK SWEETING,　　　　　　　　　　　　　Case No. 1:20-cv-251
　　Plaintiff,　　　　　　　　　　　　　　　　　　Black, J.
　　　　　　　　　　　　　　　　　　　　　　　　Litkovitz, M.J.
　vs.

WARDEN RICHARD ERDOS,
　　Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

3